```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:08CV57-MU-02
```

| | |
|---|---|
| DION L. COXTON,           )<br>     Plaintiff,          )<br>                          )<br>     v.                   )<br>                          )<br>M. DUDLEY, Sergeant at    )<br>  the Mecklenburg County  )<br>  Jail;                   )<br>MICHAEL DUDLEY, Sergeant  )<br>  at the Mecklenburg      )<br>  County Jail;            )<br>(FNU) JACKSON, Female Of- )<br>  ficer at the Mecklen-   )<br>  burg County Jail;       )<br>S. WILLIAMS, Officer at   )<br>  the Mecklenburg County  )<br>  Jail;                   )<br>(FNU) SIMPSON, Officer at )<br>  the Mecklenburg County  )<br>  Jail; and               )<br>THREE "JOHN DOES," Offi-  )<br>  cers at the Mecklen-    )<br>  burg County Jail,       )<br>     Defendants.          )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on an initial review of Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed February 13, 2008. After careful consideration, for the reasons stated herein, Plaintiff's Complaint will be <u>dismissed</u>, ultimately, for his failure to state a constitutional claim for relief.

According to his Complaint, Plaintiff is an inmate at the

Mecklenburg County Jail who previously was an inmate trustee with no history of disciplinary problems. However, Plaintiff alleges that on January 11, 2008, he was disciplined by defendant Jackson for sleeping on two mats in the Jail's day room. On that occasion, Plaintiff reportedly was taken to another area of the Jail.

Plaintiff alleges that upon his arrival in that other area, defendant Dudley "maliciously tight[en]ed" his handcuffs and sat him down in a holding cell. Plaintiff alleges that when he began pleading for defendants Simpson, Dudley and Williams to loosen his cuffs, defendant Dudley responded by placing him in an isolation cell in another area of the Jail. Plaintiff reports that during his walk to the isolation cell, defendant Dudley somehow was "aggressive" and "physical[]" with him.

Plaintiff further alleges that when he got to the isolation cell, defendant Simpson placed him in shackles, and he was made to stay in those restraints. However, a grievance which Plaintiff filed in connection with this claim reflects that he actually was made to remain in the restraints "for more than three hours." During that period of restraint, Plaintiff reportedly cried out to use the bathroom, but was ignored. Plaintiff also reportedly was ignored when he cried out for a blanket, a mat and to have his handcuffs placed in front of his body instead of behind his back. Plaintiff alleges that defendants John Does one through three merely "snatched [him] up" every time that he

2

attempted to lie down on his stomach, explaining that he could lose consciousness in that position.

Plaintiff alleges that shortly before breakfast was served on January 12, 2008, defendant Dudley returned to him and asked if he wanted to get some sleep. Plaintiff replied affirmatively, at which point Dudley walked him back to his cell, but did not release the shackles and handcuffs until Plaintiff was securely within his cell.

Plaintiff further alleges that when he filed a grievance about the foregoing matters, defendant Dudley was the person who conducted the investigation. During the course of that investigation, defendant Dudley reportedly entered plaintiff's cell, and asked him about his wounds and his paperwork. Plaintiff claims that he complained about the investigation by Dudley and asked to have his concerns addressed by a captain or major, but Dudley also was the person who responded to those complaints.

Last, Plaintiff alleges that on January 12, 2009, he also complained about his continued detention at the Jail. In response to his complaint, Plaintiff reportedly was told that he had charges pending in Guilford County which have to be resolved; that on January 15, 2008, Guilford County authorities were notified that Plaintiff's Mecklenburg County charges were resolved; and that someone from Guilford County would take custody of Plaintiff and transport him to that County for a January 31, 2008

court date.  However, Plaintiff claims that he missed that hearing; that "Guilford Cty. said it was Meck. Counties [sic] fault[; and that] now [he] has to stay until 3-5-2008."

On the basis of the foregoing allegations, Plaintiff seeks $50,000 in "Emotional Damage Relief"; he seeks $20,000 for "Improper Medical Performance" and "Deliberate Indifference"; he seeks an additional $20,000 from defendant Dudley in his "individual and official capacities"; he seeks $10,000 from defendants Jackson, Williams, Simpson and Does for "Wreckless Disregard in Official Capacities"; he seeks an additional $10,000 from "T. Young [for a] faulty investigation in official capacity"; he seeks "300 per day of false imprisonment"; and he seeks an additional $30,000 "if defendants conspired with medical professionals and other officials."  Notwithstanding his apparent belief to the contrary, however, Plaintiff has failed to state a constitutional claim for relief.

That is, it is clear to the Court that Plaintiff's allegations -- that an officer was aggressive and physical with him in an otherwise unspecified manner; that he was placed in tightly fastened handcuffs by that officer; and that he was placed in isolated confinement for less than 24 hours, during which he remained shackled behind his back for prolonged periods -- simply do not rise to the level of stating a violation of his Eighth Amendment rights.  In fact, Plaintiff does not even bother to

4

allege in his Complaint that he suffered any injury from Defendants' conduct. Rather, in one of the several grievances which Plaintiff submitted to Jail officials, he makes reference to lacerations and cuts which he sustained on his wrists from the tightly fastened handcuffs. Thus, even Plaintiff's own representations about his restraint reflect that, at most, he suffered <u>de minimis</u> injury, which injury simply does not rise to the level of a violation of the Eighth Amendment. <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979); <u>Riley v. Dorton</u>, 115 F.3d 1159, 1166-67 (4th Cir. 1997).

As the Fourth Circuit Court of Appeals noted in <u>Riley</u>, "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment . . . ." <u>Id</u>. at 1167. In particular, the <u>Riley</u> Court reiterated that "[n]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action . . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" <u>Id</u>., <u>quoting</u> <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973). Thus, it has been concluded that the law excludes from constitutional recognition <u>de minimis</u> uses of physical force as were alleged here. <u>Hudson v. McMillan</u>, 503 U.S. 1, 9-10 (1992). <u>But cf</u>. <u>United States v. Perkins</u>, 470 F.3d 150(4th Cir. 2006) (where Court

5

concluded that mere "physical pain" met the broader definition of "bodily injury" as applied under criminal provisions 18 U.S.C. §§831(f)(5), 1365(g)(4), 1515(a)(5) and 1864(d)(2), and affirmed felony assault conviction under 18 U.S.C. §242).

Further, to the extent that Plaintiff is alleging that he is being subjected to "false imprisonment," such claim also must fail. Indeed, Plaintiff is asking for damages for "false imprisonment," presumably on the basis of his continued detention at the Mecklenburg County Jail. However, Plaintiff does not deny that he currently has unresolved charges pending against him in another county, or that such county has requested that he be detained until such time as they are able to take custody of him. Therefore, inasmuch as one of the prongs of a false imprisonment claim requires an allegation that the restraint in question is achieved without lawful authority, Plaintiff has failed to set forth a constitutional claim for relief. See Fowler v. Valencourt, 334 N.C. 345 (1993)(setting forth elements of false imprisonment claim); North Carolina v. Petro, 167 N.C. App. 749, 752 (2005) (same); Emory v. Pendergraph, 154 N.C. App. 181, 185 (2002) (same). In other words, because Plaintiff's documents tend to reflect that he lawfully is being detained because he has unresolved charges for which he must answer, he cannot state a claim for false imprisonment. See Kling v. Harris Teeter Inc., 338 F. Supp.2d 667, 679 (W.D.N.C. 2002) (finding that plaintiff

6

could not prevail on false imprisonment claim in absence of showing that restraint was illegal).

Finally, the act of making Plaintiff remain in restraints for three-hour intervals during less than a 12-hour period does not constitute deliberate indifference. See <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997) (claim for deliberate indifference must show that defendant knew of and disregarded an objectively serious condition or risk of harm). Nor can Plaintiff state a claim for "improper medical performance." See <u>Johnson v. Quinones</u>, 145 F.3d 164, 167 (4th Cir. 1998) (noting that mere malpractice or negligence in treatment does not state a constitutional claim). Consequently, this Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Complaint is **DISMISSED** for failure to state a constitutional claim for relief. <u>See</u> 28 U.S.C. 1915(A)(b)(1).

**SO ORDERED.**

Signed: February 19, 2008

Graham C. Mullen
United States District Judge

7